**THE CHARLAND LAW FIRM**
3707 North 7th Street
Suite 250
Phoenix, AZ 85014
(602)944-7499
litigation@CharlandLawFirm.com

Name and State Bar No. John E. Charland, #012089

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARLTON ST. BERNARD, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | **CLASS ACTION COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| vs. ) | |
| ) | |
| STATE COLLECTION SERVICE, INC., ) | |
| a corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Carlton St. Bernard suing on behalf of himself and others similarly situated, complains as follows:

### INTRODUCTION

1. This is an action for damages brought by individual consumers, on behalf of themselves and others similarly situated, for defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter, "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION & VENUE

2. Plaintiff, Carl St. Bernard, is a natural person and resident of Maricopa County, Arizona.

3. Defendant State Collection Service, Inc. is a Wisconsin Corporation engaged in the business of debt collection within the State of Arizona. State Collection Service, Inc. is engaged in the

business of collecting consumer debts and regularly collects consumer debts through the mail and telephone. State Collection Service, Inc. is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692(a)(6).

4. Defendant caused events to occur in Maricopa County, Arizona out of which this complaint arises.

5. This court has subject matter jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

6. Venue in this district is proper based on 28 U.S.C. § 1391, because the events complained of in this complaint occurred in this district.

**SPECIFIC ALLEGATIONS**

7. Plaintiff typically receives his medical care at Mayo Clinic in Scottsdale, Arizona.

8. Plaintiff incurred various medical bills with the Mayo Clinic in 2007 or 2008.

9. Plaintiff was well insured at the time.

10. Through a snafu at the Mayo Clinic, the Mayo Clinic mistakenly believed plaintiff owed money to the Mayo Clinic for medical care.

11. In or about January 2009, a female debt collector employed by defendant called plaintiff and attempted to collect a debt allegedly owed to the Mayo Clinic.

12. Plaintiff disputed any debt was owed and indicated to defendant that a mistake had been made by the Mayo Clinic and he did not owe anything and would not be paying it.

1    13. The female debt collector insisted that the debt was owed, that the Mayo Clinic did not make mistakes, and she pushed plaintiff to pay the alleged debt. Plaintiff terminated the phone call.

14. In the following weeks, several more phone calls were made to plaintiff by defendant with messages being left by this female.

15. On or about March 26, 2009, a female debt collector named Margaret Trevino called plaintiff and attempted to collect the alleged debt owed to the Mayo Clinic. Plaintiff again explained that he did not owe the debt. During the conversation, Ms. Trevino became extremely hostile and demeaning. Ms. Trevino referred to Mr. St. Bernard, and persons like him, as "you deadbeats" when describing plaintiff's character for disputing that he owed the debt and refusing to pay it. Mr. St. Bernard asked to speak with Ms. Trevino's supervisor, but she denied having one.

16. Mr. St. Bernard called, on that same day, a Scott Rodriguez who was said to be Ms. Trevino's supervisor and Mr. St. Bernard complained about the service he received. Mr. Rodriguez promised to speak with Ms. Trevino about her behavior. In that same conversation, Mr. Rodriguez attempted to collect the alleged debt from Mr. St. Bernard.

17. On that same date, at a later time, Ms. Trevino called Mr. St. Bernard back and left a voice message that stated "You stupid, fucking idiot, you fucking asshole." She then hung up.

18. After that point, defendant would call and Mr. St. Bernard's phone would ring no less than 10 calls a week Monday through Friday. No person's name was left.

19. No writing was ever mailed to plaintiff.

3

**CLASS ALLEGATIONS**

20. This action is brought as a class action. Plaintiff tentatively defines the class as all persons in the State of Arizona who, during the one year prior to the filing of this complaint, who were never given a validation notice. Plaintiff may subsequently refine the class definition in light of discovery.

21. The class is so numerous that joinder of all members is impractical. On information and belief, a validation notice was not sent to scores of consumers on debts defendants have sought to collect.

22. There are questions of law and fact, common to the class which predominate over any questions affecting only individual class members. The principal question is whether defendants State Collection Service, Inc.'s conduct in connection with the failure to provide validation notices violates the FDCPA.

23. There are no individual questions other than whether a class member did not receive validation, which can be determined by administerial inspection of defendant's records.

24. Plaintiff will thoroughly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. Plaintiff is greatly annoyed at being the victim of defendant's illegal practices and wishes to see that the wrong be remedied. Neither plaintiff, nor his counsel have any interest which might cause them not to pursue this claim vigorously.

25. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. The consumers were not informed of their validation rights. The consumers never received a validation notice by any of the defendants. Defendants' failure to follow the FDCPA's prescriptions could lead the "least sophisticated consumer" to misunderstand the full nature of the protections afforded him or her pursuant to the FDCPA.

27. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because the maximum statutory damages in an individual action is $1,000.00 thus making it less likely that consumers would pursue separate claims. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

### FIRST CAUSE OF ACTION
**(Fair Debt Collection Practices Act)**

28. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692g(a) by failing to submit a validation rights notice.

   b. Defendants violated 15 U.S.C. § 1692c(c) by failing to cease collection efforts when plaintiff told defendants he would not be paying the alleged debt because the debt was not owed.

   c. Defendant violated 15 U.S.C. § 1692(d)(2) by calling plaintiff a deadbeat to abuse, annoy, humiliate, and harass plaintiff.

   d. Defendant violated 15 U.S.C. §1692(d)(2) by using obscene and profane language.

5

1        e. Defendant violated 15 U.S.C. § 1692d and § 1692d(5) by intentionally causing and engaging in repeated collection efforts, so to annoy, oppress, and harass plaintiff.

        f.  Defendant violated 15 U.S.C. § 1692(e)(2) by falsely insisting the debt was owed.

        g. Defendant violated 15 U.S.C. § 1692e(11) by failing to state that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.

   29. As a direct and proximate cause of defendant's violation plaintiff has suffered both physical and emotional injury and actual damages.

   **WHEREFORE**, plaintiff requests the following relief:

   a.  For statuary and general damages in an amount to be proved at trial;

   b.  For consequential and incidental damages in an amount to be proved at trial;

   c.  For prejudgment interest;

   d.  For costs and attorney fees;

   e.  For all and any further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

   Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

   DATED this 6th day of November, 2009.

                    THE CHARLAND LAW FIRM
                     s/
                    _____
                    John E. Charland, Esq.
                    3707 North Seventh Street
                    Suite 250
                    Phoenix, Arizona 85014

complaint.n06