**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlton St. Bernard, ) | No. CV09-02331-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| State Collection Service, Inc., a) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before this Court is Plaintiff's Motion for Award of Attorneys' Fees (Doc. # 16). For the reasons that follow, the Court grants Plaintiff's motion.

**I.     PROCEDURAL HISTORY**

Plaintiff filed this action seeking damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. On January 13, 2010, Defendant made an Offer of Judgment, that Plaintiff accepted. As a result, the Clerk of the Court entered judgment in favor of Plaintiff and against Defendant on January 27, 2010, in the amount specified in the Offer of Judgment (Doc. #15). The Offer allowed judgment of $1,001 against the Defendant plus "Plaintiff's reasonable costs and reasonable attorney's fees. . . as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion." Defendant's Opposition Brief, Exhibit A "Offer of Judgment" (Doc. #25).

## II.   DISCUSSION

In the Motion pending before this Court, Plaintiff is seeking attorney's fees in the amount of $5,530.00 and costs of $35.71 for a total award of $5,565.71. Plaintiff's Motion at 5. Defendant first contends that the Plaintiff's fee request is unreasonable because it is disproportionate to the actual damages awarded. Defendant's Opposition Brief at 3-4. Defendant next contends that Plaintiff's fee request is unreasonable because Plaintiff's counsel's hourly billing rate is excessive. *Id.* at 4. Defendant also contends that the fee request is unreasonable because counsel billed excessive hours. *Id.* at 7. Finally, Defendant contends that the factors listed in LRCiv 54.2(c)(3) require the fee award sought by Plaintiff be reduced.

The FDCPA contains a mandatory fee shifting provision. 15 U.S.C. § 1692k. The provision provides for an award of "the costs of the action, together with a *reasonable* attorney's fee as determined by the court. . . " 15 U.S.C. § 1692k(a)(3) (emphasis added). The reason for these mandatory fees "is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). FDCPA plaintiffs "seek[] to vindicate important... rights that cannot be valued solely in monetary terms... and congress has determined that the public as a whole has an interest in the vindication of statutory rights." *Id.* at 652 (quoting *City of Riverside v. Rivera*, 477 U.S. 561 (1984)).

In FDCPA cases, "District courts must calculate awards for attorney's fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000)); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363. *See also Ferland*, 244 F.3d at 1149 n. 4 (quoting *Morales*). "Although the lodestar is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n. 4 (citations omitted). The

Local Rules for this District provide factors for courts to consider when adjusting the lodestar. LRCiv 54.2(c)(3). However, if a district court chooses to reduce the lodestar amount, it must do so with "a concise but clear explanation of its reasons." *Ferland*, 244 F.3d at 1149 (citations omitted).

### A. Reasonableness of fee request disproportionate to actual damages

First, Defendant argues that since Plaintiff's fee request of $5,915.71 is almost six times the $1,000 maximum amount of actual damages recoverable under the FDCPA, it must be unreasonable. Opposition Brief at 2. However, the Court cannot summarily conclude that it is unreasonable in this case. *See Ferland*, 244 F.3d at 1151 ("systematic perusal of the actual billing entries will often confirm" the reasonableness of the fee). Additionally, "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Camacho v. Bridgeport Fin.*, 523 F.3d 973, 981 (9th Cir. 2008) (citations omitted). Thus, for Congress's private attorney general approach to succeed in the context of FDCPA cases, attorney fees must not hinge on a percentage of actual damages awarded. Plaintiff's fee request is therefore not per se unreasonable simply because it is nearly six times greater than the actual damages.

### B. Reasonableness of counsel's hourly rate

Defendant asserts that since Plaintiff's counsel's Attorney Fee Agreement called for only $295 per hour in the event of termination, counsel should use this figure as his hourly rate. Opposition Brief at 4. However, there is no indication that Plaintiff and his counsel ever terminated their relationship. Thus, the fee should not be awarded based on the $295 per hour rate because the relationship between Plaintiff and his counsel was not terminated.

Defendant next disputes Plaintiff's counsel's hourly rate of $350 per hour. Opposition Brief at 5-7. It is the Plaintiff's burden to prove that the requested hourly rates are close to the market rate of similar legal services in the community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). However, once the party seeking the fee has submitted evidence that the fee is

reasonable, it is the opposing party's burden to rebut that evidence. *Id.* at 892. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Plaintiff submitted evidence that counsel's hourly rate has been $350 per hour since 2006. Plaintiff's Motion at Exhibit 4. Plaintiff also submitted affidavits from five Arizona attorneys, each of whom avowed that counsel's $350 per hour rate was reasonable. *Id.* at Exhibit 5. Finally, Plaintiff submitted data from the Laffey Matrix suggesting that the cost of a Phoenix attorney with over 20 years of experience in December 2008 was $383.94 per hour. *Id.* at Exhibit 7.

Defendant argues that none of Plaintiff's evidence refers specifically to the reasonable cost of litigating FDCPA claims. Opposition Brief at 5-6. Defendant submitted affidavits of several attorneys claiming that $350 per hour is an unreasonable hourly rate for Arizona attorneys pursuing FDCPA claims. *Id.* at Exhibit C-E. However, Defendant also introduced evidence that two of the attorneys who submitted affidavits on Plaintiff's behalf, Mr. Choi and Mr. Bybee, charge hourly rates similar to Plaintiff's counsel's rates for their own FDCPA cases. *Id.* at 6. Although Plaintiff's counsel's rate is higher than the rates charged by Mr. Choi and Mr. Bybee, Plaintiff's counsel has also practiced law longer than these other attorneys.[1] Defendant also fails to address why the Laffey Matrix, which suggests attorneys with Plaintiff's counsel's experience generally charge $383.94, should not be followed. Plaintiff's Motion at Exhibit 7.

This Court recently found an attorney's fee award of $400 per hour reasonable in a

---

[1] Plaintiff's counsel has practiced in Arizona for 22 years and charges $350 per hour. Plaintiff's Motion at Exhibit 4. In contrast, Mr. Choi has practiced in Arizona for 16 years and charges $300 per hour. Opposition Brief at Exhibit B; Plaintiff's Memorandum at Exhibit 5. Mr. Bybee has practiced in Arizona for 21 years and charges $325 per hour. Plaintiff's Motion at Exhibit 5

- 4 -

FDCPA case. *Shelago v. Marshall & Ziolkowski Enter. Ltd.*, 2009 WL 1097534 (D. Ariz. 2009). The Court relied on affidavits from other attorneys with experience in FDCPA cases that suggested the $400 per hour rate was reasonable. *Id.* Although Defendant has produced affidavits of attorneys willing to take FDCPA cases for less than $350 per hour, Defendant has not met the burden of rebutting Plaintiff's evidence that $350 per hour is a reasonable rate for an FDCPA case filed in the Phoenix area. Therefore, Plaintiff's counsel's $350 per hour rate is reasonable.

### C. Reasonableness of hours billed

Plaintiff requests 15.8 hours be billed for this claim. Plaintiff's Motion at Exhibit 3. Defendant first contends that some of the items Plaintiff's counsel billed are excessive. Defendant notes that it took 9.4 hours to research and draft the complaint.[2] Opposition Brief at 8. Defendant presents affidavits from attorneys with experience handling FDCPA claims suggesting that researching and drafting an FDCPA claim should take between two and five hours. Opposition Brief at Exhibits C-E. Since Plaintiff's counsel has represented himself as an experienced litigator of FDCPA claims throughout these proceedings, he should be held to the hours that other experienced FDCPA attorneys would bill for filing such a complaint. Thus, the 9.4 hours Plaintiff's counsel spent researching and drafting the complaint is reduced by 4.4 hours to 5 hours, which is the upper amount of time estimated by attorneys in Defendant's affidavits.

Defendant next argues that many items billed were routine matters in federal litigation, yet Plaintiff's counsel billed each of them at 0.2 or 0.3 hours. Opposition Brief at 10. Tasks that are purely secretarial in nature should not be billed and should merely be subsumed by the firm's overhead. *Schrum v. Burlington N. Santa Fe Ry. Co.*, 2008 WL 2278137 (D. Ariz. 2008). Plaintiff admits that lines #14722, #15106 and #15150 should be

---

[2]This figure represents all line items on counsel's billing statement between 6/29/09 and 11/6/09 excluding line #14182 where counsel was researching FCBA claims and not FDCPA claims. Plaintiff's Motion Exhibit 3.

1  excluded from the fee award since these lines refer only to receiving and reviewing calendar
2  entries. Plaintiff's Reply Brief at 7. The Court also finds that lines #14225, #14226 and
3  #14587, all of which are notices of appointment of judges or magistrates, are also secretarial
4  in nature and should not be billed. The Court further notes that lines #14227 ("Receive and
5  review summons"), #14229 ("Receive and review notice of filing fee"), #14306 ("Revise
6  notice of lawsuit and waiver"), #14586 ("Receive and review notice of standard track civil"),
7  #14721 ("Receive and review notice of waiver") and #14709 ("Receive and review waiver
8  of service") are similarly secretarial in nature. *See id.* However, even these rather routine
9  documents might impact the litigation. Thus, the Court will accept Defendant's assertion that
10 review of all these routine documents would take 0.3 hours. Therefore, lines #14225,
11 #14226, #14227, #14229, #14306, #14586, #14587, #14709, #14721, #14722, #15106 and
12 #15150, which represent work that is secretarial in nature and previously totaled 2.8 hours,
13 are reduced by 2.5 hours to 0.3 hours.

At lines #14228 and #14271, Plaintiff's counsel billed 0.4 for filing a new cover sheet for his complaint because his earlier cover sheet was deficient. The Court finds these lines were not properly billed because this was an error of counsel's own making. Therefore the hours billed for these line items will not be reflected in the fee award.

Finally, the Court is satisfied that lines #14031 and #15126 regarding Plaintiff's counsel's legal research comport with LRCiv 54.2(e)(2)(B) since they state that the research is for the complaint in regards to a violation of the FDCPA and damages. These line items will be billed as Plaintiff has suggested.

The Court concludes that fee request of 15.8 hours must be reduced by 4.4 hours for researching and drafting the complaint, 2.5 hours for secretarial work and 0.4 hours for correcting a deficient cover sheet. The Court therefore concludes that the reasonable hours billed in this case is 8.5.

### D. Additional factors of reasonableness

Defendant urges this Court to adjust the fee award downward based on the thirteen Reasonableness of Requested Award factors in LRCiv 54.2(c)(3).[3] However, many of these factors have already been calculated in the lodestar analysis and need not be re-introduced as means of adjusting the fee award. Two factors refer to the reasonableness of the hours billed: time and labor required of counsel; and novelty and difficulty of questions. LRCiv 54.2(c)(3)(A)-(B). Four other factors refer to the reasonableness of Plaintiff's counsel's hourly rate: skill requisite to perform the legal service properly; customary fee charged in matters of the type involved; the experience and reputation of counsel; and the undesirability of the case. LRCiv 54.2(c)(3)(C), (E), (I), (J). Another factor calls for courts to determine the reasonableness of the fee award by considering fee awards in similar cases. LRCiv 54.2(c)(3)(L). However, Defendant refers to cases where the issue is reasonableness of counsel's hourly billing rate. *Weible v. Jerold Kaplan Law Office*, 2010 WL 325738 (D. Ariz. 2010); *Shelago*, 2009 WL 1097534. Therefore, none of these factors justify reducing the fee award because they were already considered in the lodestar calculations.

Other factors in the Local Rules that are not subsumed by the lodestar calculations likewise do not justify a downward adjustment of the fee award. First, parties have presented no evidence that this case has precluded counsel from seeking other employment. LRCiv 54.2(c)(3)(D). Nor is there any evidence that time limitations, the nature of the attorney-client relationship or the mere fact that there was a contingency fee require a downward adjustment. LRCiv 54.2(c)(3)(F), (G), (K).

Finally, the Defendant argues that the value of the rights involved cannot justify the lodestar amount when actual damages were only $1,001. LRCiv 54.2(c)(3)(H). However,

---

[3]Plaintiff likewise refers to reasonableness factors in *Associated Indemnity Corp. v. Warner*, 694 P.2d 1181 (1984). However, the factors in the Local Rules sufficiently overlap the factors in *Associated Indemnity*. Therefore, only the Local Rules factors will be discussed.

- 7 -

as discussed above, if fee awards hinged on a percentage of actual damages, attorneys could not "undertake FDCPA cases, as congress intended." *Camacho*, 523 F.3d at 981. Therefore, the Court finds that there are no factors in the Local Rules justifying a downward adjustment from the lodestar.

### III.   CONCLUSION

Based on the foregoing, the Court finds Plaintiff's counsel's fees in the amount of $3,010.71 (which is 8.5 hours at a rate of $350 per hour plus $35.71 in costs) are reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees (Doc. #16) is granted in part and denied in part as follows: The Court awards Plaintiff $3,010.71 in attorney's fees

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the amount of $3,010.71, plus interest from the date of judgment until paid, in favor of the Plaintiff and against the Defendant.

DATED this 12th day of July, 2010.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge